IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Vaughn S. CONWAY, Attorney at law.

Supreme Court

*No. 80–1788–D. Filed February 2, 1981.*
(Also reported in 301 N.W.2d 253.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On October 1, 1980, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging that in 1977 Vaughn S. Conway, an attorney admitted to practice in this state since 1933, and who practices in Baraboo, was retained by a woman to bring a post-divorce action against her former husband to reopen the judgment of divorce on the ground of alleged fraud perpetrated upon the court by her former husband.

It was alleged that in 1973 the respondent met with the husband for the purpose of representing him in the underlying divorce action which had been filed by the wife. At that time the respondent allegedly turned the matter of the husband's representation over to his associate and nephew, Attorney Kenneth Conway, Jr., and that throughout the pendency of the divorce proceeding Attorney Kenneth Conway, Jr., shared offices with the respondent and operated as his employee and associate. In the post-divorce action the man appeared by separate counsel and objected to the respondent's continued representation of his former wife in view of his associate's earlier representation of him. He also demanded the return of his divorce file from the respondent, but despite repeated requests for the return of the file, the respondent did not release it until it was subpoenaed.

The court referred this matter to the Hon. William C. Sachtjen as referee pursuant to SCR 21.09 (1980). Although the respondent had filed an answer denying the allegations of the complaint, on January 24, 1981, the respondent and counsel for the Board filed a stipulation of fact with the referee in lieu of a hearing in which they stipulated that in the fall of 1977 Jerald Ennis was represented by Attorney Kenneth Conway, Jr., in the defense of a divorce action filed against him by his wife and that throughout the pendency of that proceeding Kenneth Conway, Jr., shared offices with and was an associate of the respondent. It was further stipulated that the office-sharing arrangement between the two attorneys tended to give the appearance to the public that Kenneth Conway, Jr., and Vaughn S. Conway were associated in the practice of law.

The parties also stipulated that in 1977 the respondent was retained by Ennis's former wife to bring a post-divorce action against Ennis to reopen the judgment on the ground of alleged fraud perpetrated on the court by

Ennis, that Ennis initially appeared *pro se* and then by separate counsel who, at the evidentiary hearing on the motion to reopen, moved that the respondent disqualify himself because of Kenneth Conway, Jr.'s earlier representation of Ennis, that Ennis's counsel demanded the return of the original divorce file, that because of the confusion of the record storage arising out of the then pending litigation between the respondent and his nephew concerning their office-sharing arrangement the file was not delivered for approximately two months, and that following formal objection to his participation, the respondent turned over the further handling of the matter to an associate in his office. By stipulation the parties agreed that the respondent's representation of Mrs. Ennis, given the circumstances of his previous office-sharing arrangement with his nephew and his nephew's having represented Jerald Ennis in the underlying divorce action, gave the appearance of professional impropriety and violated SCR 20.28, which requires a lawyer to refuse to accept or continue employment if the interests of another client may impair the independent professional judgment of the lawyer.

On January 20, 1981, the referee filed his report and recommendation for discipline, in which he concluded, pursuant to the stipulation, that the respondent's conduct gave the appearance of professional impropriety and violated SCR 20.28. The referee recommended that the respondent be given a public reprimand and be ordered to pay the sum of $500 as costs of the disciplinary proceeding. We hereby adopt the findings and recommendation of the referee.

It is ordered that Vaughn S. Conway is publicly reprimanded for unprofessional conduct.

It is further ordered that Vaughn S. Conway pay the costs of this proceeding in the amount of $500 to the Board of Attorneys Professional Responsibility within

30 days of the date of this order, provided that if the costs are not paid within the time specified, the license of Vaughn S. Conway to practice law in Wisconsin shall be forthwith suspended.