IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Vaughn S. CONWAY, Attorney at Law.

Supreme Court

*No. 84–1349–D. Filed December 21, 1984.*
(Also reported in 359 N.W.2d 160.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee, the Honorable W. L. Jackman, reserve judge, recommended, pursuant to the stipulation between Vaughn S. Conway and the Board of Attorneys Professional Responsibility (Board), that Attorney Conway be publicly reprimanded for unprofessional conduct consisting of his refusal to withdraw from employment after being discharged by a client, failure to turn over client files to substituted counsel, and neglect of a client's legal matter. We accept the referee's recommendation

for discipline and impose a public reprimand on Attorney Conway.

Attorney Conway was admitted to practice law in Wisconsin in 1933, and practices in Baraboo. In 1979, he was retained to commence a foreclosure action. Toward the end of 1980, the client became dissatisfied with his representation and hired another attorney to replace him. The second attorney asked Attorney Conway to turn over to him the foreclosure file and other personal records of the client, but Attorney Conway did not comply with that request. A hearing on a motion to substitute attorneys was held in circuit court, and the motion was granted. At the hearing, the judge verbally ordered Attorney Conway to turn his foreclosure file over to successor counsel, but Attorney Conway did not do so, nor did he comply with the same order set forth in written form signed by the judge. The client then obtained a third attorney to secure the return of the file, and that attorney wrote to Attorney Conway requesting compliance with the court's orders, but Attorney Conway did not comply.

The second instance of unprofessional conduct in this proceeding concerned Attorney Conway's having been retained in 1977, to represent a client on a claim for personal injuries received in an auto accident. The client's initial contact with Attorney Conway's law firm was with an associate who subsequently terminated association with that firm. Prior to terminating her association, the associate wrote to the insurer of the person who allegedly caused the client's injuries, advising that there would be proceedings based on the uninsured motorist provisions of its policy.

The client's file was inactive until September, 1978, when Attorney Conway wrote to the client advising her that he was preparing the proof of loss statement for submission. The following month Attorney Conway

again wrote to the client requesting more information to complete the proof of loss statement. On December 12, 1978, Attorney Conway wrote to the client's dentist for a medical report and submitted that report to the insurer the same month. In September and October of 1980, a new associate of Attorney Conway attempted to obtain final medical reports on behalf of the client, and these were received in November.

No further activity occurred in the client's matter until April of 1982, when the client's new counsel wrote to Attorney Conway's office requesting consent to a substitution of attorney. In June of 1982 the insurer wrote to Attorney Conway's associate concerning its position on the client's claim, and it wrote again in September relative to settlement of the claim. Attorney Conway did not turn over his complete file and sign the consent to substitution of attorneys until the end of November, 1982.

On many occasions the client visited or called Attorney Conway's office to inquire after the status of her claim, and she was told that the insurer was contesting it but that the matter was progressing. In all, Attorney Conway's office had possession of the client's file for approximately five years, and in that time no action on the client's claim was ever commenced, although that was a principal reason for her having retained Attorney Conway.

Attorney Conway stipulated to the facts alleged by the Board to constitute unprofessional conduct, and by that stipulation the Board and Conway agreed to recommend to the referee that a public reprimand be imposed and that Attorney Conway be required to pay the costs of the disciplinary proceeding. Based on that stipulation, the referee found the allegations of the Board's complaint to be true and concluded that Attorney Conway's refusal to withdraw from employment after being

discharged by his client violated SCR 20.16(2)(d), that his failure to turn over client files to substituted counsel violated SCR 20.16(1)(b) and SCR 20.40(1), and that his neglect of the client's personal injury claim violated SCR 20.32(3).

The referee's original report and recommendation made no reference to Attorney Conway's previously having been disciplined for unprofessional conduct. We remanded the matter to the referee to consider the fact that in 1981, Attorney Conway was publicly reprimanded for having given the appearance of professional impropriety by virtue of his representation of a woman in a post-divorce action after he had previously consulted with the former husband about representing him in the divorce action and had turned the matter of the husband's representation over to his associate and nephew, who was sharing offices with Attorney Conway and operating as his employee and associate. *Disciplinary Proceedings Against Conway,* 100 Wis. 2d 311, 301 N.W.2d 253 (1981).

The referee submitted a second report and recommendation in which he continued to recommend the imposition of a public reprimand as appropriate discipline for Attorney Conway's unprofessional conduct. Noting that counsel for the Board had stipulated to the imposition of a public reprimand, the referee stated that he was willing to recommend a public reprimand, even though more severe discipline could be justified. The referee believed it unnecessary to impose more severe discipline than a public reprimand because he was sure that Attorney Conway realized that another violation of the Code of Professional Responsibility would probably result in the suspension or loss of his license.

We accept the referee's findings of fact and conclusions of law, as well as the recommendation for discipline in this case.

IT IS ORDERED that Attorney Vaughn S. Conway is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within 30 days of the date of this order Attorney Vaughn S. Conway pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $331.00, provided that if the costs are not paid within the time specified and absent a showing by Attorney Conway of his inability to pay the costs within that time, the license of Attorney Vaughn S. Conway to practice law in Wisconsin shall be suspended until further order of the court.

STEINMETZ and CECI, JJ., dissent and would order the parties to file briefs on the issue of the appropriateness of the referee's recommended discipline to the unprofessional conduct.